[Civ. No. 3343. Second Appellate District, Division One.—October 5, 1920.]

MAE B. RANGER, Respondent, v. THE FIRST NATIONAL BANK OF HASKELL, OKLAHOMA, Appellant.

[1] Fraudulent Conveyances—Gift of Money to Wife—Purchase of Automobile—Liability for Indebtedness of Husband. — An automobile purchased by the wife with money given to her by her husband prior to the time he incurred a given indebtedness cannot be subjected on execution to the payment of such indebtedness.

[2] Id.—Incurring of Indebtedness — Subsequent Gift to Wife — Absence of Fraud on Creditors—Claim and Delivery.—In an action in claim and delivery, the wife is entitled to recover possession of an automobile in part paid for out of funds given to her by her husband after the incurring of the indebtedness to satisfy which the automobile was levied upon and sold under execution, where the transfer of such money by the husband to the wife was not in fraud of his creditors.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas A. Sanson and Eugene E. Morris for Appellant.

Kemp & Clewett and Schmidt & Riggins for Respondent.

SHAW, J.—Defendant having obtained a judgment against F. B. Ranger, caused an execution to be issued thereon, which was levied upon a Rausch & Laing electric coupe and a Cadillac automobile° then in possession of plaintiff herein, Mae B. Ranger, who claimed ownership of the same. Under the execution so levied the property was by the sheriff sold to defendant for the sum of three hundred dollars. Thereupon plaintiff brought this action of claim and delivery. Judgment for the restoration of possession of the property was rendered in her favor, from which defendant appeals.

The contention made by appellant is identical with that made in the case of *First Nat. Bank* v. *Ranger, ante,* p. 447, [193 Pac. 788], involving other transfers of property by

Ranger to his wife, namely: that title to these cars was transferred by F. B. Ranger to plaintiff Mae B. Ranger while he was indebted to defendant bank, and, if he was not insolvent at the time he made the transfer, he made it in contemplation of insolvency.   [1]   The Rausch & Laing electric coupe was purchased in December, 1913, with money given plaintiff by her husband as a Christmas present, long before he became indebted to defendant, and hence, since it was property acquired by her prior to the time when the bank became a creditor of F. B. Ranger, it could not be subjected to the payment of indebtedness thereafter incurred.   [2] In part only was the Cadillac paid for out of funds given by Ranger to his wife after incurring the indebtedness to defendant, but since in an opinion this day filed in the case of *First Nat. Bank* v. *Ranger, supra,* affirming the judgment of the trial court therein, it was held that such transfer of money by F. B. Ranger was not in fraud of his creditors, it follows that plaintiff herein was, as held by the trial court, the owner and entitled to possession of both vehicles.

The judgment is affirmed.

Conrey, P. J., and James J., concurred.